UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

In re

DANIEL J. CZECHOWICZ,

      Debtor,

                 DECISION AND ORDER
                   07-CV-251A

DONALD YOUNG and BEATRICE YOUNG,

      Appellants,

  v.

DANIEL J. CZECHOWICZ,

      Appellee.

## INTRODUCTION

This is the second appeal of a bankruptcy court judgment. The appellee-debtor, Daniel Czechowicz (the "debtor"), bought a farm from the appellants, Donald Young and Beatrice Young (collectively "the appellant"), pursuant to a written real estate contract. Along with the farm, the debtor claims that he also bought from the appellant the farm equipment located on the farm for an additional $40,000, pursuant to an oral or "hand shake" contract, without any

security interest being filed.  The debtor claims that the appellant subsequently breached the oral contract by entering upon the farm and removing some of the farm equipment.  Consequently, the debtor stopped making payments on the equipment.  The appellant then allegedly re-entered the farm without permission and removed more of the equipment.

The appellant eventually sued the debtor in state court, claiming that the debtor owed him money for the farm equipment still in the debtor's possession.  The debtor declared bankruptcy, removed the state court case to bankruptcy court, and filed an amended answer asserting counterclaims against the appellant.

A bench trial on the debtor's counterclaims was held before the Honorable Michael J. Kaplan, United States Bankruptcy Judge, on April 22, 2004.  The appellant proceeded *pro se* at trial.  Judge Kaplan held in favor of the debtor, finding that the appellant  converted the farm equipment and was therefore liable for the tort of conversion. Judge Kaplan instructed the parties to submit additional briefing on the issue of damages.  On June 7, 2004, a money judgment in the amount of $158,466.45 was entered in favor of the debtor and against the appellant.  The appellant subsequently retained counsel, who filed a post-trial motion for relief from judgment.  On August 24, 2004, Judge Kaplan issued an order addressing the appellant's claim that the amount of damages was speculative.  Judge Kaplan upheld his previous findings on damages.  Appellant

appealed to this Court.

On September 9, 2005, this Court issued a Decision and Order affirming the bankruptcy court on the issue of liability, but vacating the damages award because the appellee failed to comply with the initial disclosure requirements regarding damages calculations in Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure. The Court remanded the case to the bankruptcy court for a new trial on damages.

The bankruptcy court conducted a new trial on damages and issued an opinion on November 3, 2006, awarding damages to the appellee in the amount of $212,103.75, $50,000 of which are punitive damages. The appellant again appeals.

## DISCUSSION

**1.    Standard of Review**

A district court hearing an appeal from a bankruptcy court reviews that court's findings of fact under the "clearly erroneous" standard, see Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the *de novo* standard. See In re AroChem Corp., 176 F.3d 610, 620 (2d Cir.1999) (holding that "we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo.") (citation omitted).

**2.      Appellant's Claims of Error**

The appellant claims that the bankruptcy court erred by: (1) granting appellee's motion to amend the counterclaim to request punitive damages; (2) failing to preclude appellee from proceeding on damages without complying with the initial disclosure requirements of Rule 26(a); and (3) granting damages that are speculative and unsubstantiated, and against the weight of the evidence. The Court finds these claims without merit.

The bankruptcy court did not error by allowing the appellee to amend his complaint to assert a claim for punitive damages. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Leave to amend a pleading may be granted at any time, including at the close of proof or even after judgment. Fed. R. Civ. P. 15(b). The bankruptcy court did not abuse its discretion in allowing the appellee to amend his counterclaim to request punitive damages.

Nor does the Court find error with the bankruptcy court's finding that the appellee complied with Rule 26(a). The bankruptcy court found that although the appellee's Rule 26(a) disclosure was not in the correct form, it provided all the necessary substance. The Court agrees.

Finally, the bankruptcy court did not grant speculative or unsubstantiated damages. In his written opinion, the bankruptcy judge thoughtfully explained and laid out his damages calculations and the evidence

4

upon which the calculations were based.  Again, there was no error here.

## **CONCLUSION**

For the reasons stated, the Court affirms the bankruptcy court judgment.

SO ORDERED.

> s/ *Richard J. Arcar*a
> HONORABLE RICHARD J. ARCARA
> CHIEF JUDGE
> UNITED STATES DISTRICT COURT

DATED:  March 18, 2008